IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. BK24-40202 |
| | ) | |
| STEPHANIE OSBORN and COLTON | ) | Chapter 12 |
| OSBORN, | ) | Jointly Administered[1] |
| | ) | |
| Debtors | ) | |

## Order Denying Motion to Extend Time

Western Equipment Finance, Inc. ("Western") filed a motion to extend the deadlines to file a complaint objecting to the debtors' discharges and to determine the dischargeability of debts. The deadline to file the complaint was June 3, 2024. Western did not file one. It filed a motion to extend the deadlines, but the motion was not timely. Western asserts the deadlines should be equitably tolled because the parties agreed to extend them. The motion to extend is denied because Western had adequate notice to preserve its rights, Western did not act diligently, and the debtors did not engage in misconduct to justify equitable tolling.

## Findings of Fact

The debtors filed Chapter 12 cases on March 8, 2024. The cases are jointly administered by order entered March 19, 2024. Western is a secured creditor of debtors Colton & Stephanie Osborn and their company C&S Ag, LLC. The Osborns did not schedule Western as a creditor. C&S Ag did. Western retained counsel on May 8, 2024. Sixteen days later, on May 24, 2024, Western's counsel emailed the debtors' counsel regarding missing collateral. The debtors' counsel did not respond.

The facts surrounding the agreement to extend the deadlines are not disputed. On June 3, 2024, the last day to timely file a motion to extend, at 3:42 p.m., Western's counsel called the debtor's counsel to request an extension. The debtor's counsel responded by email at 3:49 p.m., "How about that extension until 8/2/2024?" The debtor's counsel provided a template at 4:01 p.m. Western's counsel modified the template and returned it for final review at 4:34 p.m.

The motion was not filed. The filing attorney's Pacer account was not linked to this court's CM/ECF system. At 5:06 p.m. Western's counsel emailed, "Would you be willing to file this if I changed the caption to you and your firm?". At 5:17 p.m., the debtor's counsel declined, "I'd prefer I'd [sic] the creditor file this. Is this a question

---

[1] The jointly administered cases include C&S AG, LLC, BK24-40200; C&S Organics, LLC, BK24-40201, and Stephanie Osborn and Colton Osborn, BK24-40202.

of filing credentials?" Western's counsel immediately responded, "I think we have an ECF issue".

The debtors' counsel did not reply. At 7:08 p.m. Western's counsel emailed, "If I change it to a stipulation and proposed order, would you be willing to file it?" This email appears to have been sent again at 7:23 p.m. On June 4, at 9:15 a.m., after the deadline ran, the debtor's counsel responded, "Yes." Western's counsel emailed a stipulation and proposed order.

At 2:59 p.m., the debtors' counsel backed away from "Yes", writing:

> Last I knew you were going to send over stipulation and order based on an email request I received last night at 7:24. I responded quickly that I would file it when I received the proposal, though it seems my "yes" response wasn't sent, or doesn't appear to be sent until, according to my records, at 9:15 this morning…which is odd as I wasn't in my office then.
>
> ….
>
> The deadline was yesterday and the SOL expired at midnight and that presents an issue. Before addressing that issue, does my summary of the emails above match what you have?

Not to be deterred, Western's counsel responded at 3:45 p.m.

> Attached is a redline of the stipulation addressing the issue identified in your email sent at 3:06 p.m. today. Unless you believe this misrepresents our agreement, we will file the stipulation this afternoon.

The debtor's counsel objected at 4:10 p.m.:

> I will need to speak with my client. I am not trying to jam anyone up here, but the deadline is expired, and I don't think a verbal agreement to extend meets the code's and rule's requirement that the extension has to be by court order or the request has to be made before the expiration of the deadline.

Western filed its motion to extend two days later, on March 6, 2024.

## Conclusions of Law

By rule, a complaint objecting to discharge or seeking to determine the dischargeability of certain debts must be filed "no later than 60 days after the first date set for the meeting of creditors". Fed. R. Bank. P. 4004(a) and 4007(c). The deadline may be extended for cause, but the motion to extend must be filed before the time for filing the complaint expires. Rule 4004(b); Rule 4007(c). The time may

be enlarged "only to the extent and under the conditions stated" in Rules 4004 and 4007. Rule 9006(b)(3); *see also Kontrick v. Ryan*, 540 U.S. 443 (2004).

Western asserts the deadlines should be equitably tolled. In the Eighth Circuit, Bankruptcy Rules 4004 and 4007 are "analogous to statutes of limitation" and are subject to equitable tolling. *Matter of Podwinski*, No. BK19-41937-TLS, 2021 WL 371769, at *9 (Bankr. D. Neb. Feb. 2, 2021). "The plaintiff bears the burden of justifying both equitable tolling and the duration of that tolling." *Kelly-Leppert v. United States*, No. 18-0089-CV-W-BP, 2018 WL 6566550, at *2 (W.D. Mo. Nov. 9, 2018). According to the Supreme Court, equitable tolling "might be appropriate":

> (1) when a claimant received inadequate notice; (2) when a motion for appointment of counsel is pending "and equity would justify tolling the statutory period until the motion is acted upon"; (3) where the court has led the plaintiff to believe that she had done everything required of her; or (4) when affirmative conduct on the part of the defendant has "lulled the plaintiff into inaction."

*Id.* (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)). Items two and three are clearly not implicated.

Western did not establish the other two grounds for equitable tolling. Western had adequate notice to enter an appearance and timely file a motion to extend. The jointly administered cases were filed on March 8, 2024. Western was listed as a creditor in the C&S Ag case which was jointly consolidated with the Osborn's individual case eleven days later. Western retained counsel on May 8, 2024, almost a month before the deadline expired. Western's counsel began working on the case no later than May 24, 2024, when they reached out to counsel for the debtors. Likewise, Western's failure to timely file was not caused by the debtor. The debtors' counsel agreed to the joint motion to extend. He provided an acceptable form. It was up to Western's counsel to follow through and file the motion.

The court also declines to invoke equitable tolling because Western did not act diligently to preserve its rights.

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

Western did not act diligently. Western did not offer evidence to the contrary. Too many questions remain unanswered. Why did counsel not enter an appearance immediately when retained, which would have revealed the linkage issue? Why did counsel wait until the final hour to request an extension? What action, if any, did counsel take after they did not receive a response from the debtors' counsel regarding filing a stipulation? What steps, if any, did counsel take to try to link the account the day the motion was due?[2] If they did take steps, were any difficulties encountered?

Western relies solely on the agreement to extend. But the agreement does not excuse, remedy, or explain the overall lack of diligence. Western's counsel waited until the end of the business day on the last possible day. It did so at its own peril.

### Conclusion

The motion to extend the deadline to file a complaint objecting to the debtors' discharge or to determine the dischargeability of debts is denied.

Dated: July 9, 2024

BY THE COURT

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge

---

[2] Instructions for linking the account are found on the court's website *See* https://www.neb.uscourts.gov/nextgen-cmecf-information/pacer-nextgen-cmecf. Instructions are also available on Pacer's website. *See* https://pacer.uscourts.gov/help/cmecf/linking-your-district-or-bankruptcy-court-cmecf-account.