IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK24-40202 |
| | ) | |
| COLTON AND STEPHANIE OSBORN, *et al.*, | ) ) | Chapter 12 |
| | ) | Jointly Administered |
| Debtors. | ) ) | |

**Order Approving Fees Under § 506(b)**

THIS MATTER is before the court for hearing on Stockmen's Bank's motion for attorney's fees and costs (Doc #391), and the objection filed by Lime, LLC and Zachary Bosle (Doc. #399). Patrick R. Turner appeared for the jointly administered debtors, Colton and Stephanie Osborn, C&S Ag, LLC, and C&S Organics, LLC. John O'Brien appeared for Stockmen's Bank. Jordan W. Adam appeared for the objecting parties. The bank seeks attorney's fees and costs totaling $307,399.09 as an over-secured creditor under 11 U.S.C. § 506(b). Of the total, $295,312 is the attorney fee portion. The application is granted under federal law and solely for the purpose of § 506(b).

**Findings of Fact**

The debtors filed bankruptcy petitions on March 8, 2024. Stockmen's Bank filed a proof of claim asserting an over-secured claim of $666,600.77, with collateral valued at $1,721,300. Under the original loan documents, default interest accrues at 45% per annum. The loan documents allow the bank to recover attorney's fees, costs, and expenses. *See* Doc. 391 (Exs. 3 through 8).

The bank asserts the debtors sold upwards of $1,000,000 of personal property collateral at auction before filing this case. The bank did not receive proceeds from the sales. During the case, the bank was granted relief from the automatic stay of 11 U.S.C. § 362 to recover converted personal property collateral from third parties. The bank filed conversion lawsuits against Double H Partnership, and the objecting parties, Lime, LLC and Bosle. Double H settled. Lime, LLC and Bosle have not. The bank contends the litigation is protracted and contentious.

In June the bank and the debtor settled the amount of the bank's allowed secured claim. The debtors stipulated the total amount due the bank as of May 5, 2025, is $555,597.42. The total includes principal, interest, attorney's fees and

costs.[1] It also includes deductions for litigation recoveries and collateral sales. Under the settlement, the total indebtedness became part of a "modified" promissory note. The modified note reduced the interest rate from 45% to 9.5%. Only one-half of the debt, $277,798.71, is recourse against the debtors, the debtors' estates, and collateral still owned by the debtors. Fees and costs incurred after May 1, 2025, are also non-recourse.

Lime and Bosle objected to the settlement, in part, because the bank did not disclose in detail, and did not seek approval of the fees and costs under § 506(b). The settlement was approved over the objections because the resulting $277,798.71 allowed secured claim under the settlement was less than the actual indebtedness plus post-petition accrued interest at 45%,[2] which then totaled $292,134.27. Effectively, in approving the settlement, the court allowed interest on the claim slightly less than the 45% contract rate. But the court did not approve the fees and costs.[3]

---

[1] The attorney's fees and costs portion totaled $225,978.87 as of the effective date of the settlement.

[2] The loan agreements provide for default interest at 45%. Under 506(b), the bank is entitled to interest at this rate as a matter of federal bankruptcy law. An oversecured creditor "has an *unqualified right* to postpetition interest under § 506(b), and that interest should be computed at the rate – default as well as non-default – provided in the parties' agreement, as long as those rates are allowed under state law." *Bank of Mo. v. Fam. Pharmacy, Inc. (In re Fam. Pharmacy, Inc.)*, 614 B.R. 58, 66 (B.A.P. 8th Cir. 2020) (applying *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235 (1989)). The amount is not usurious under state law. *See* Neb. Rev. Stat. §§ 45-101.03 and -101.04(10).

[3] The bank asserts, "pursuant to the Court approved settlement, the full amount of the Debtors' obligation (both personal recourse and non-personal recourse) remains owed to support the Bank's security interest in claims against Lime, Bosle and others for collateral conversion.". To the extent the bank asserts the attorney's fees and costs are chargeable to Lime, Bosle and others *because of the modified debt or this court's settlement order*, the statement is erroneous. The parties agreed, and the court in its order specifically found the settlement between the debtor and the bank is for bankruptcy purposes only and would have no preclusive effect against Lime, LLC or Bosle. Whether any fees, costs, or expenses are chargeable to collateral which is not owned by the debtor or chargeable to anyone who converted collateral is a matter of Nebraska state law, upon which the court takes no position. In addition, because the parties agreed the settlement is for purposes of this bankruptcy case and is not preclusive as to Lime LLC and Bosle, the court further takes no position on whether the reduction in interest rate from 45% to 9.5% is binding on the bank in any claims the bank assets against Lime LLC and Bosle.

The bank now seeks to have allowed on its claim, "interest on such claim, and any reasonable fees, costs, or charges" under § 506(b), with the caveat allowance not upset the settlement with the debtor.

## Conclusions of Law

The bank seeks fees and costs as an over-secured creditor. An over-secured creditor may recover fees and costs:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges *provided for under the agreement* or State statute under which such claim arose.

11 U.S.C. § 506(b) (emphasis added). Entitlement to fees and costs is a matter of federal law, not state law.

> "Section 506(b) says that the oversecured creditor may get reasonable attorney's fees if the agreement so provides. It does not say that the right is dependent on state law. Section 506(b), therefore, establishes a federal right to reasonable attorney's fees for the oversecured creditor irrespective of state law."

*First W. Bank & Tr. v. Drewes (In re Schriock Const., Inc.)*, 104 F.3d 200, 203 (8th Cir. 1997) (citation omitted).

To recover fees and costs, the bank has the burden of proof to establish four elements:

> (1) the claim must be an allowed secured claim; (2) the creditor holding the claim must be over-secured; (3) the entitlement to fees, costs, or charges must be provided for under the agreement or state statute under which the claim arose; and (4) the fees, costs and charges sought must be reasonable in amount.

*Starion Fin. v. McCormick (In re McCormick)*, 523 B.R. 151, 154 (B.A.P. 8th Cir. 2014) (citations omitted). "Upon proving these factors the statute plainly states that payment of reasonable fees, costs or charges 'shall be allowed.'" *Id.* Three of the four elements are not disputed. The bank has an allowed claim. It is over-

secured. Its loan documents provide for attorney's fees and costs. This leaves only the reasonableness factor:

> To determine the reasonableness of the attorneys' fees under the second element, courts consider: (1) "whether the actions taken by the creditor were reasonable and prudent in the circumstances," i.e., whether the fees were "incurred in protecting the creditor's rights in its collateral"; and (2) if so, "whether the itemized fees are reasonable."

*White v. Coors Distrib. Co. (In re White)*, 260 B.R. 870, 880 (B.A.P. 8th Cir. 2001); *see also In re Cushard*, 235 B.R. 902, 909 (Bankr. W.D. Mo. 1999) (listing factors in determining attorney's fees).

On one end of the scale, this should not have been a case requiring the bank incur almost $300,000 in fees. The fees are almost half the amount of the bank's filed claim. The bank is vastly over-secured. Its position as a secured creditor was never in question. Counsel charged hourly rates which are not typical for a routine Chapter 12 case in Nebraska. Counsel billed experienced partner rates, upwards of $795 per hour, to review almost every filing on the docket, including filings and proofs of claim not directly affecting the bank.[4]

On the other end of the scale, this case is not typical or routine. The debtor allegedly sold over $1,000,000 of the bank's personal property collateral out of trust. Relief from stay was necessary. Discovery and depositions were required to locate collateral. Cooperation was not immediately forthcoming. Lawsuits ensued. The bank describes Lime and Bosle's conduct in the recovery litigation in federal district court as "scorched earth". The debtor has filed multiple Chapter 12 plans, all of which drew multiple objections, and none of which were confirmed. The bank's default interest rate was egregious, which skyrocketed the bank's secured claim over the course of the case. A complex settlement of the bank's claim was negotiated, papered, and approved. The legal services provided were within the scope of the bank's loan documents and were designed to protect the bank's collateral and security position.

Yet determination of the motion feels like a hollow undertaking. The fees allowed by § 506(b) are effectively disallowed by the settlement between the bank and the debtor. Resolution will not affect this bankruptcy case in the slightest. The settlement with the debtor, which the bank seeks to preserve, establishes and,

---

[4] Review of the filings and claims was not the bulk of the charges. The reviews were typically billed at one-tenth of an hour.

other than post-petition interest, fixes the bank's claim. The requested fees are, effectively, not chargeable to the debtor or any collateral owned by the debtor.[5] If the court disallows the fees as unreasonable, there is authority the unreasonable fees are nevertheless allowed as an unsecured claim. *See Welzel v. Advocate Realty Inv., LLC (In re Welzel)*, 275 F.3d 1308, 1318 (11th Cir. 2001). ("If a portion of the fees are deemed unreasonable, however, the fees should be bifurcated between the reasonable portion, treated as a secured claim, and the unreasonable portion, treated as an unsecured claim."). If the court disallows the fees under federal law, disallowance may not be preclusive under state law.

Regarding the fees and costs, considering the unique circumstances of the case, specifically including the fact the fees will not be paid, the fees are "reasonable" under federal law solely for purposes of a Chapter 12 plan under 11 U.S.C. §506(b). The court makes no determination as to whether the fees are reasonable under state law, including without limitation, Neb. U.C.C. § 9-615(a)(1) (authorizing a secured party to recover attorney's fees for retaking and disposing of collateral if "provided for by agreement."). For the reasons stated in the court's order approving the settlement, the bank is allowed interest at 45% under 11 U.S.C. § 506(b) up to the effective date of the settlement.

This approval does not affect, disturb, or modify the bank's settlement with the debtors at Doc # 383 and #384. The debtors' personal recourse obligation is fixed at $277,798.71 plus interest at 9.5% after May 6, 2025. The debtors are not personally obligated to pay more than this recourse obligation amount and the bank is not entitled to any distribution as an unsecured creditor.[6]

       Dated: September 12, 2025

                                               BY THE COURT

                                               /s/ Brian S. Kruse
                                               Bankruptcy Judge

---

[5] These are grounds to deny a proof of claim under 11 U.S.C. § 502(b)(1) ("[S]uch claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."). But § 506(b) is not in accord.

[6] Any part of the stipulation filed at Doc. #403 not specifically incorporated into this order is not approved and is not binding on any party in interest.